UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wesley J. Harmon,                                     Case No. 3:15-cv-00693

          Plaintiff

      v.                                             MEMORANDUM OPINION
                                                       & ORDER

Johnson Controls, Inc.,

          Defendant

## I.     INTRODUCTION

Defendant Johnson Controls, Inc., moves to dismiss the sole claim asserted in Plaintiff Wesley Harmon's complaint for failure to state a claim upon which relief may be granted. (Doc. No. 14). Harmon filed a brief in opposition. (Doc. No. 15.) Johnson Controls filed a brief in reply. (Doc. No. 16). For the reasons stated below, Johnson Controls' motion is granted.

## II.     BACKGROUND

Harmon was a production worker at Johnson Controls. He first was hired as a temporary employee in June 2013, and then as a probationary employee in November of that year. On January 3, 2014, a co-worker yelled at, cursed at, and threatened to fight Harmon after Harmon told the co-worker it was time to rotate to a different station on the production line. Harmon reported the co-worker's conduct to his supervisor because he feared a physical altercation to ensue, and that the potential physical altercation could cost Harmon his job. Harmon also asked his supervisor to move him to a different location on the line, so that Harmon would be separated from the co-worker. The supervisor did not take action in response to Harmon's report and request so, approximately an

hour later, Harmon made the same report and request to human resources. Harmon complied with a request to produce a written statement of the incident and then returned to the production line. Near the end of his shift, Harmon and his co-worker were informed they were suspended pending investigation of the incident. Subsequently, Harmon was terminated for allegedly failing to meet his probationary requirements. Harmon filed suit in the Wood County, Ohio Court of Common Pleas on March 2, 2015, alleging he was terminated in violation of Ohio public policy concerning workplace safety, and seeking compensatory and punitive damages. Johnson Controls removed the case to this court on the basis of diversity jurisdiction.

### III. STANDARD

Rule 12 provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

2

Concurrently, Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir 2008). A court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### IV. ANALYSIS

Employers may discharge at-will employees like Harmon for any lawful reason or for no reason at all. *See, e.g., Mers v. Dispatch Printing Co.*, 483 N.E.2d 150, 153 (Ohio 1985). Under Ohio law, a plaintiff may assert a cause of action for wrongful termination if the termination violates public policy. *Painter v. Graley*, 639 N.E.2d 51 (Ohio 1994). The policy underlying this type of claim must be "clear," and may be derive from the United States and Ohio constitutions, a statute, administrative regulations, and common law. *Wiles v. Medina Auto Parts*, 773 N.E.2d 526, 529 (Ohio 2002). Claims of wrongful discharge in violation of public policy contain four elements:

(1) That clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).
(2) That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element).
(3) The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element).
(4) The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).

*Id.* at 529-30 (citations omitted) (emphasis removed). The clarity and jeopardy elements involve questions of law. *Id.* at 530.

Johnson Controls argues Harmon's wrongful termination claim must be dismissed because his allegations do not satisfy the clarity or the jeopardy elements. Harmon contends his citation to

3

several federal district court cases and two sections of the Ohio Revised Code demonstrates a sufficiently-clear public policy and that his allegations concerning his complaints to management about his co-worker's conduct, taken as true, satisfy the jeopardy element of his wrongful discharge claim.

In diversity cases involving state law issues such as this one, federal courts "must apply the law of the state's highest court." *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). If there is no controlling authority from the state supreme court, an appellate court decision announcing a rule of law may not be disregarded unless other persuasive data convinces the federal court that the state supreme court would decide the case differently. *Mich. First Credit Union v. Cumis Ins. Soc., Inc.*, 641 F.3d 240, 252 (6th Cir. 2011) (quoting *FL Aerospace v. Aetna Cas. & Sur. Co.*, 897 F.2d 214, 218-19 (6th Cir. 1990)). Moreover, "[u]nder *stare decisis*, a district court in this circuit is bound . . . by opinions of the U.S. Supreme Court and the U.S. Court of Appeals for the Sixth Circuit . . . ." *Gilbert v. Nat'l Emp. Benefit Cos., Inc.*, 466 F. Supp. 2d 928, 933 (N.D. Ohio 2006).

In analyzing the jeopardy element, a court must inquire into the existence of any alternative means of promoting the particular public policy at issue. *Wiles*, 773 N.E.2d at 531. The court also must determine whether it is "sufficiently clear from the employee's statements that he is invoking governmental policy [so] that a reasonable employer would understand that the employee relies on the policy as the basis for his complaint." *Jermer v. Siemens Energy & Automation, Inc.*, 395 F.3d 655, 656 (6th Cir. 2005); *see also Himmel v. Ford Motor Co.*, 342 F.3d 593 (6th Cir. 2003). The *Jermer* court continued:

> The Ohio Supreme Court views employee complaints and whistleblowing as critical to the enforcement of the State's public policy, and the Court therefore intended to make employees de facto "enforcers" of those policies. Toward this end, the Court granted them special protection from Ohio's generally applicable at-will employment status when the employees act in this public capacity. In exchange for granting employees this protection, employers must receive notice that they are no longer dealing solely with an at-will employee, but with someone who is vindicating a governmental policy. Employers receive clear notice of this fact when actual

4

> government regulators arrive to audit or inspect. They should receive some similar notice when an employee functions in a comparable role. Even though an employee need not cite any specific statute or law, his statements must indicate to a reasonable employer that he is invoking governmental policy in support of, or as the basis for, his complaints.

*Jermer*, 395 F.3d at 559.

While the Supreme Court of Ohio has not adopted this stringent framework, at least one Ohio appellate court has. *See Gaskins v. Mentor Network-REM*, 2010-Ohio-4676, 2010 WL 3814560, at *4 (Ohio Ct. App. Sept. 30, 2010). Another appellate court previously rejected "*Jermer*'s implication that an employee must make some formal announcement that his statements are being made for the purpose of protecting the public policy favoring workplace-safety." *Dohme v. Eurand Am., Inc.*, 868 N.E.2d 701, 707 (Ohio Ct. App. 2007). The Supreme Court of Ohio, however, vacated the appellate court's opinion following an appeal, and expressly declined to discuss the jeopardy element because it resolved the case on the basis of the clarity element. *Dohme v. Eurand Am., Inc.*, 956 N.E.2d 825, 831 (Ohio 2011) ("It is well settled that this court does not issue advisory opinions") (citations omitted).

Harmon alleges "he expressed concerns and actively opposed actions of a co-worker on company premises that had an effect on his safety and that of others." (Doc. No. 13 at 4). He also alleges he reported the co-worker's conduct "in fear of a possible altercation and in fear or losing his job in an altercation" and that he was in fear because the co-worker previously had engaged in similar conduct. (Doc. No. 13 at 3). He also informed management he was reporting the incident because "the last thing that is needed [at work] is a person to feel threatened." (Doc. No. 14-2 at 2). While I take Harmon's allegations to be true for the purpose of deciding Johnson Controls' motion, the case law I describe above requires a showing that the plaintiff expressly referred to an underlying governmental policy. Harmon has not made this showing. In light of *Jermer* and *Gaskins*, I conclude I am bound to dismiss Harmon's claim because it fails to satisfy the jeopardy element.

## V. CONCLUSION

For the reasons stated above, Johnson Controls' motion to dismiss the complaint for failure to state a claim, (Doc. No. 14), is granted.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge